Upon these facts his Honor vacated the judgment, and the Attorney-General appealed.
In England the office of collector of the taxes is distinct from that of sheriff and filled by a different person. In this State the office of collector of the taxes is thrown upon the person who shall be elected sheriff. By the Act of 1784, Rev., ch. 219, it is enacted that "over and above the usual bonds directed by law to be given by the sheriff of each county, before his entering into office, he shall enter into a distinct bond, with two sureties, to be approved of by the county court, in the sum of two thousand pounds, to the Governor, conditioned for the due collection, payment and settlement of the public taxes," which bond the clerk is directed to forward to the Treasurer of the State, together with a list of the taxable property. By the Act of 1801, ch. 3, sec. 7, the clerks of the several county courts shall, within twenty days after the justices have made their returns, issue to the sheriff, on application, an accurate copy of the returns of the list of taxes, and the sheriff shall proceed to collect the same, and shall complete the collection and account therefor with the public Treasurer on or before the first day of October in every year. By the Act of 1817, ch. 1, sec. 5, it is enacted that the clerks of the several county courts shall, within forty days after the justices shall have made their returns, deliver to the sheriffs of their several counties a copy of the returns of the list of taxes made by the justices. The justices who take the list of taxables are to make their returns to the first county court which may happen after the last day of July in each and every year. In forty days thereafter it is the duty of the clerk to have copies of the lists of taxes prepared and delivered to the sheriff. The law for greater security makes it the duty of the sheriff to make application to the clerks for the tax lists. By the aforesaid act of Assembly of 1817 the sheriffs shall proceed, after the first day of April in each and every year, to collect the taxes, and shall account for the same on or before the first day of October thereafter in each and every year.
The office of collector of the taxes does not expire when that of sheriff does; the last terminates at the end of twelve months from the time he qualified as sheriff, whereas the former does not begin (except where *Page 299 
a person liable to pay a tax is about to move away) until (367) the first day of April in the year after he has been appointed sheriff, and by law he is not compellable to collect the taxes even until after the office of sheriff expires. As collector of the taxes he must account with the Treasurer on or before the first day of October in the year following that in which he qualified as sheriff. Griffin was elected to the office of sheriff of the county of Martin at June sessions of the county court in the year 1826. He gave bond and surety to perform the duties of sheriff. He also gave another bond with surety to perform the duties of collector of the public taxes. His office of sheriff began immediately on his qualification and expired at the end of one year from that time. His office of collector of public taxes began immediately, so far as related to taxes that might be due and not listed as, for instance, those imposed on peddlers, showmen, and vendors of slaves brought from other states, etc., but he had no right to enforce payment of the dues on the lists of taxes (except where a person was about to remove) before the first of April in the year next after his appointment, nor was he bound to settle with the Treasurer before the first day of October thereafter. No breach of his bond for the due collection of the taxes could take place until a failure to settle with the Treasurer on the first of October, 1827. In case of failure, the condition of the bond was broken, and the Treasurer had a right by law to enter up judgment against him and his sureties for the amount of those taxes, which he should have collected before that time. Griffin was authorized and bound by law to collect the taxes. The order made by the county court of Martin directing him to collect them was a mere nullity; it gave him no more power than he had before it was made. The sureties to his bond, for the collection of the taxes and settlement with the Treasurer, were bound until those duties were performed. On Griffin's failing to settle for the public taxes, the Treasurer could not have taken judgment on any other bond than the one to which the plaintiffs are sureties. The succeeding sheriff had no (368) right to collect the taxes that were due for the time that Griffin was appointed collector. Nor would the sureties of the succeeding sheriff have been liable if their principal had collected those that were due during the year that Griffin should have collected. Fitts v. Hawkins, 2 Hawks, 294. The Act of 1784, ch. 2, sec. 12, authorizes sureties to the sheriff's collection bond to receive the taxes if he should die during the time appointed for their collection. By the Act of 1792, ch. 69, all persons who are authorized to receive the public taxes may collect and distrain for the same within one year after such sheriff or collector is accountable for said taxes in as full and ample a manner as they could have done when they became due. By the Act of 1800, ch. 4, sheriffs are *Page 300 
allowed one year after the day prescribed by law for the settlement of their public accounts to finish the collection of the taxes they are bound by law to account for, with a proviso that they still must settle with the Comptroller and Treasurer as heretofore. The obligation in the bond given by the plaintiffs in this case did not terminate when Griffin ceased to be sheriff of Martin County, in June, 1827, but those obligations continued until payment should be made to the Treasurer for the public taxes due 1 October, 1827. The taxes were not paid, and the Treasurer had a judgment entered up against Griffin and his sureties, which judgment was properly and legally rendered. The judgment of the Superior Court should be reversed.